UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CASE NO. 14-20651

v.                                                          PAUL D. BORMAN
                                                            UNITED STATES DISTRICT JUDGE

ROBERT LEE COLSTON,
_____/

# ORDER DENYING DEFENDANT'S MOTIONS (1) TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT AND (2) TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FIFTH AMENDMENT

On June 30, 2015, the Court held an evidentiary hearing with respect to these two motions. The Court provided the parties with an opportunity to file supplemental pleadings. The Government filed a supplemental pleading on August 8, 2015, Dkt. #411; Defendant filed his on August 21, 2015, Dkt. #42.

FOURTH AMENDMENT

The Court denies Defendant's motion to suppress the gun that he tossed on the ground near a tree as he was fleeing from Detroit Police Officers Hicks, Houston and Williams as they were approaching to talk to him. None of the Officers had ordered him to stop, nor had any of them seized him when Defendant fled and dropped the gun. Thus, Defendant had abandoned the gun that was recovered.

1

Given that the officers had seen Defendant drop the gun and abandon it, they had reasonable suspicion to detain him while they seized gun he tossed, and thereafter, had probable cause to arrest him.

In *California v. Hodari D*, 499 U.S. 621 (1991) the Supreme Court held that the Fourth Amendment was not violated when a running away Defendant tossed and therefore abandoned a firearm.  Also see *United States v. Martin*, 399 F.3d 750, 752 (6th Cir. 2005), [b]ecause a seizure does not occur when a mere show of authority occurs, but only when one yields to a show of authority.  The Fourth Amendment does not apply to anything one may abandon while fleeing the police in an attempt to avoid a seizure."

FIFTH AMENDMENT

The Court denies Defendant's motion to suppress the incriminatory statement he made to Detroit Police Department Sergeant John Boyle.

After Defendant's arrest, Sergeant Boyle interviewed him, gave him a form with the Miranda warnings, learned from Defendant that he was attending college, asked him to read the first warning out loud to assure that he was intelligent and understood it, and after that assurance, told him to read the rest of the warnings and initial them – which defendant did.

The video of the interrogation room showed the Sgt. Boyle did not make any promises as to helping Defendant on Federal charges, or on state "flops" on potential parole violation charges.

Colston contended that on the way to the video interview room he told Sgt. Boyle that there was no reason to talk. While Defendant said that he might as well go back from the interview room to the detention area, he signed the waiver form and never specifically stated that he didn't want to talk further. Thus, there was no specific statement by Defendant to discontinue talking to Sgt. Boyle – and he clearly was interested in hearing various scenarios from Sgt. Boyle.

Thus, under the applicable objective standard, Defendant Colston did not unambiguously and unequivocally assert his right to remain silent, which the Sixth Circuit has held was required in *United States v. Amani*, 695 F.3d 457, 485 (6th Cir. 2012) ("A defendant's invocation of his *Miranda* rights must be clear and unequivocal before interrogations must end"). Here, Defendant Colston did not invoke his *Miranda* rights and he was not coerced into making a statement.

The Court does not find credible Defendant's testimony as to alleged promises made by Sgt. Boyle on the walk over to the interview room. The Court finds that Defendant's statements in the interview were voluntary, and not overborne by any conduct by Sgt. Boyle.

Accordingly, Defendant Colston's Motion to Suppress is denied, both as to the gun (4th Amendment), and as to his statements (5th Amendment).

**SO ORDERED**.

Dated: September 3, 2015

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 3, 2015.

                                                s/Deborah Tofil
                                                Case Manager